JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Edwin Naythons

**DEFENDANTS**
Hyundai Motor Company and Hyundai Motor America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Telephone Number, and Email Address)*
Michael M. Weinkowitz, Esq., Levin Fishbein Sedran & Berman, 510 Walnut Street, Ste. 500, Philadelphia, PA 19106. 215-592-1500; mweinkowitz@lfsblaw.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | | Corrupt Organizations |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | Exchange |
| ☒ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Med. Malpractice | Product Liability | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332
Brief description of cause:
Consumer class action relating to deceptive actions.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*  JUDGE _____  DOCKET NUMBER _____

DATE
12/03/2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN NAYTHONS, on behalf of himself and all others similarly situated,   : | No. |
|                             : | |
|         Plaintiff,   : | |
|                             : | |
|       v.   : | |
|                             : | CLASS ACTION |
| HYUNDAI MOTOR COMPANY and   : | |
| HYUNDAI MOTOR AMERICA,   : | JURY TRIAL DEMANDED |
|                             : | |
|         Defendants.   : | |

## CLASS ACTION COMPLAINT

Plaintiff, Edwin Naythons ("plaintiff" or "Naythons"), by his undersigned attorneys, brings this action on behalf of himself and all other persons similarly situated and alleges, upon personal knowledge as to himself and his own acts and upon information and belief as to all other matters, as follows:

**I.      NATURE OF ACTION**

1.      This is a proposed class action brought by plaintiff on behalf himself and a class composed of all persons in the United States or, in the alternative, New Jersey, who purchased or leased a vehicle manufactured by Hyundai Motor Company or Hyundai Motor America (collectively, "defendants") and that was sold or leased with a manufacturer's window sticker that contained false and overstated gas mileage estimates and fuel economy rating information (a "subject vehicle").

2.      Subject vehicles include, but are not limited to, the following vehicles:

2012-2013 Hyundai Accent

1

> 2012-2013 Hyundai Genesis
>
> 2012-2013 Hyundai Santa Fe
>
> 2012-2013 Hyundai Elantra
>
> 2012-2013 Hyundai Azera
>
> 2012-2013 Hyundai Tucson
>
> 2012-2013 Hyundai Veloster
>
> 2012 Hyundai Sonata Hybrid

Plaintiff asserts claims for breach of contract, breach of express warranty, and violation of New Jersey Consumer Sales Practices Act on behalf of himself and others similarly situated.

## II.     JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. §1332(d)(2) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which the Class members and defendants are citizens of different states.

4.      Venue is proper in this judicial district under 28 U.S.C. §1391, because defendants do business in this district and part of the events or omissions giving rise to plaintiff's claims occurred in this district.

## III.    PARTIES

5.      Plaintiff is a citizen of the United States and a resident of Vorhees, New Jersey who purchased a 2012 Hyundai Accent from Burns Hyundai in Cherry Hill, New Jersey on March 31, 2012.  Plaintiff is a retired Magistrate Judge for the United States District Court for the Eastern District of Pennsylvania.

6.      Upon information and belief, Hyundai Motor Company is a Korean company with

a principal place of business at 231 Yangjae, Seocho-gu, Seoul, South Korea 137-938.

7.      Upon information and belief, Hyundai Motor America is a California corporation

with a principal place of business at 10550 Talbert Ave., Fountain Valley, CA 92728.

## IV.    FACTUAL ALLEGATIONS

8.      Every new vehicle sold in the United States must have a window sticker (also

known as a Monroney sticker) affixed to the window or windshield.  The window sticker must

contain certain essential information about the vehicle including fuel efficiency.

9.      The Environmental Protection Agency (the "EPA") requires all automakers to use

certain standard testing procedures to determine a vehicle's mileage estimates, which can be then

displayed on the vehicle's mandatory window sticker.

10.      Fuel mileage is one of the most important considerations for new-vehicle

shoppers.

11.      Well aware of the importance of fuel mileage to the public, in addition to

including the fuel economy ratings on window stickers, defendants widely tout their vehicles'

"superior" gas mileage estimates and fuel economy ratings in advertisements, especially where

their vehicles allegedly achieve better fuel economy ratings than their competitors.

12.      Consumers reasonably rely on the gas mileage estimates and fuel economy ratings

contained on vehicle window stickers and featured in manufacturers' websites, brochures and

advertisements, to help them make informed choices about the vehicles they purchase.

13.      Plaintiff purchased his 2012 Hyundai from Burns Hyundai in Cherry Hill, New

Jersey on March 31, 2012.

14.      After it received a number of complaints from consumers, the E.P.A. launched an

3

investigation into Hyundai's advertised mileage estimates.  When its independent tests found a difference between the stated and actual fuel economy mileage of the Hyundai Elantra, the E.P.A. expanded its investigation to cover other Hyundai brand vehicles.

15.     On or about November 2, 2012, the E.P.A. announced the results of its investigation and revealed its findings that defendants had issued incorrect mileage estimates for the majority of their 2012 and 2013 model-year vehicles.

16.     According to the E.P.A., the subject vehicles' actual mileage ratings varied from the advertised ratings by as much as six miles per gallon, depending on the particular model. Overall, the fleet average of all Hyundai models combined is actually 3% worse than what defendants had represented.

17.     Upon information and belief, defendants have sold or leased tens of thousands of subject vehicles containing window stickers that falsely overstated the estimated gas mileage and fuel economy rating information for the vehicle.

18.     Plaintiff purchased a subject vehicle based on his reasonable expectations that the vehicle would perform consistent with the estimated gas mileage and fuel economy rating information contained on the window sticker and has been harmed by the subject vehicle's inability to achieve the advertised mileage estimates.

## V.     CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action on behalf of himself and all others similarly situated, as members of the proposed plaintiff class, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The requirements of subparts 23(a) and 23(b)(2) and (3) are met with respect to the class defined below.

20.     Plaintiff brings this action as a class action on his own behalf and on behalf of a

Nationwide class pursuant to Fed.R.Civ.P. 23(a), 23(b)(2) and/or (b)(3).  Plaintiff seeks to

represent the following Class:

> All persons living in the United States who leased or purchased a
> vehicle manufactured by one of the defendants and that was
> originally purchased or leased with a manufacturer's window
> sticker that contained overstated estimated gas mileage and fuel
> economy information.
>
> Excluded from the class are the defendants in this action, any entity
> in which the defendants have a controlling interest, any employees,
> officers or directors of defendants and the legal representatives,
> heirs, successors and assigns of defendants.

21.     In the alternative to the nationwide class and pursuant to Fed.R.Civ.P. 23(c)(5),

plaintiff seeks to represent the following state class only in the event the Court declines to certify

the nationwide class above:

> All persons living in New Jersey who leased or purchased a vehicle
> manufactured by one of the defendants and that was originally
> purchased or leased with a manufacturer's window sticker that
> contained overstated estimated gas mileage and fuel economy
> information.
>
> Excluded from the class are the defendants in this action, any entity
> in which the defendants have a controlling interest, any employees,
> officers or directors of defendants and the legal representatives,
> heirs, successors and assigns of defendants.

22.     Numerosity of the Class - members of the class are so numerous that their

individual joinder herein is impracticable.  At least tens of thousands subject vehicles have been

sold since 2010.

23.     Plaintiff is a member of the Class.

24.     Existence and Predominance of Common Questions of Fact and Law - Common

5

questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual Class members such that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These common legal and factual questions include:

a)   whether defendants advertised, marketed and sold the subject vehicles using false and overstated gas mileage estimates and fuel economy rating information;

b)   whether defendants knew that they advertised, marketed and sold the subject vehicles using false gas mileage estimates and fuel economy rating information, and if so, when;

c)   whether the subject vehicles' actual, inferior gas mileage estimates and fuel economy ratings reduce the value of the vehicles;

d)   whether defendants breached their contracts with plaintiff and the Class;

e)   whether defendants breached express warranties made to plaintiff and the class;

f)   whether defendants violated New Jersey's Consumer Sales Practices Act, New Jersey 56-8-1, et seq.

g)   whether plaintiff and members of the Class have suffered damages as a result of the conduct alleged herein, and if so, the measure of such damage.

25.   Typicality - plaintiff's claims are typical of the claims of the Class because plaintiff and all members of the Class purchased or leased a subject vehicle that was marketed and sold to them with false estimated gas mileage and fuel economy rating information.

26.     Adequacy - plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff is a retired Magistrate Judge for the United States District Court for the Eastern District of Pennsylvania.  Plaintiff has retained counsel competent and experienced in complex class action litigation and plaintiff intends to prosecute this action vigorously.  The interests of members of the Class will be fairly and adequately protected by plaintiff and his counsel.

27.     Rule 23(b)(3) Predominance and Superiority.  Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to all other available means for fairly and efficiently adjudicating the controversy.  In this regard, the Class members' interests in individually controlling the prosecution of separate actions is low given the magnitude, burden and expense of individual prosecutions against corporations as large as defendants.  It is desirable to concentrate this litigation in this forum to avoid burdening the courts with individual lawsuits.  Individualized litigation presents a potential for inconsistent or contradictory judgments and also increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case.  By contrast, the class action procedure here will have no management difficulties. Defendants' records and the records available publicly will easily identify the members of the Class.  And, because the misrepresentations are common to all subject vehicles, the same common documents and testimony will be used to prove the plaintiff's claims as well as the claims of the Class.  Finally, proceeding as a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

28.     Rule 23(b)(2) Certification - Certification is also appropriate under Rule 23(b)(2)

7

because defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

29.     Plaintiff incorporates by reference and re-allege all paragraphs previously alleged herein.

30.     Defendants, through the subject vehicles' window stickers, advertisements, brochures, website and other marketing materials, made uniform representations and offers regarding the quality and capabilities of the subject vehicles, including that they meet the represented gas mileage estimate levels and achieved the represented fuel economy ratings.

31.     Plaintiff and members of the Class, by purchasing or leasing their subject vehicles, accepted defendants' offer and paid the consideration of the purchase or lease price.

32.     Defendants, plaintiff and Class members had the legal capacity to enter into such contracts.

33.     Defendants breached the contracts by not upholding their end of the bargain, namely by providing a product that does not meet the represented gas mileage estimate levels or achieve the represented fuel economy ratings.

34.     As a direct and proximate cause of defendants' breach, plaintiff and the Class members were damaged through higher fuel costs and loss of resale value in an amount that will be proven at trial.

## SECOND CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

8

35.     Plaintiff incorporates by reference and re-allege all paragraphs previously alleged herein.

36.     Defendants, through the subject vehicles' window stickers, advertisements, brochures, website and other marketing materials, made representations to plaintiff and members of the Class about the estimated gas mileage and fuel economy ratings of the ratings of the subject vehicles.

37.     These representations were aimed at consumers, including plaintiff and members of the Class to entice them to purchase or lease the subject vehicles.

38.     Defendants' representations were part of the basis of the bargain because fuel economy is one of the most important considerations facing vehicle purchasers and plaintiff and members of the Class purchased or leased the subject vehicles based on the reasonable expectation that the vehicles would achieve the represented gas mileage and fuel economy ratings.

39.     Because the subject vehicles cannot achieve the fuel efficiency levels defendants represented to them to have, plaintiff and members of the Class have been injured through higher fuel costs and loss of resale value of their vehicles, and these injuries were directly and proximately caused by defendants' false representations.

40.     Accordingly, plaintiff and members of the Class are entitled to recover damages they suffered as a result of defendants' actions.


**THIRD CAUSE OF ACTION**
**UNFAIR, DECEPTIVE AND UNCONSCIONABLE ACTS AND**
**PRACTICES IN CONNECTION WITH A CONSUMER TRANSACTION**

9

41.     Plaintiff incorporates by reference and re-allege all paragraphs previously alleged herein.

42.     The New Jersey Fraud Act ("the Act") 56:8-1 et seq, prohibits unfair or deceptive acts or practices in connection with a consumer transaction.  For example, the Act prohibits suppliers from representing that goods have characteristics or uses or benefits which they do have.  The Act also prohibits suppliers from representing that their products or goods are of a particular standard, quality or grade they are not; or that the products or goods have been supplied in accordance with a previous representation, if it has not.  Defendants' actions as described throughout this complaint violate each of these provisions.  The New Jersey Consumer Fraud Act also prohibits unconscionable acts or practices in connection with a consumer transaction which includes the circumstances at issue here, where defendants knowingly or recklessly exaggerated estimated gas mileage and fuel economy rating information for the subject vehicles in order to entice plaintiff and members of the Class to purchase or lease their vehicles.

43.     Defendants' conduct alleged above constitutes unfair, deceptive and unconscionable acts and practices in connection with a consumer transaction in violation of the Act.  The unfair, deceptive and unconscionable acts and practices occurred before, during and after the transactions.

44.     Defendants' conduct caused damages to plaintiff and the consumers in the Class as alleged.

45.     Accordingly, plaintiff and members of the Class are entitled to (1) rescind their transactions, (2) recover damages and/or (3) receive reimbursement for attorneys' fees pursuant to the Act.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

46.     Plaintiff incorporates by reference and re-allege all paragraphs previously alleged herein.

47.     At the time of contracting, defendants had reason to know of the plaintiff's and Class members' particular purpose for purchasing the subject vehicles (i.e. obtaining a car with a certain, low gas mileage).

48.     Plaintiff and Class members relied on the defendants' skill or judgment to select or furnish suitable goods, thereby creating an implied warranty that the goods would be fit for such purpose.

49.     The subject vehicles were not fit for this purpose, thereby causing injuries to plaintiff and Class members.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

50.     Plaintiff incorporates by reference and re-allege all paragraphs previously alleged herein.

51.     This claim is plead in the alternative to the breach of warranty claims.

52.     Plaintiff and Class members conferred a tangible economic benefit upon Hyundai at the time this benefit was conferred had these buyers and lessees known of the true gas mileage of the subject vehicles.

53.     Failing to require defendants to provide remuneration under these circumstances would result in them being unjustly enriched at the expense of plaintiff and the Class.  This unjust enrichment was beyond any of defendants' contractual rights.

54.     Hyundai's retention (without an offsetting return payment) of the benefit conferred upon them by plaintiff and members of the Class would be unjust and inequitable.

## DEMAND

WHEREFORE, plaintiff, on his own behalf and on behalf of the Class, respectfully requests judgment against defendants as well as the following relief:

    (a)    Certifying the Class and appointing plaintiff and his counsel to represent the Class;

    (b)    Ordering defendants to provide notice to the Class of the subject vehicles' actual estimated gas mileage and fuel economy ratings;

    (c)    Permitting plaintiff and members of the Class to rescind their vehicle purchase or lease transactions;

    (d)    Awarding damages which include but are not limited to diminution of value;

    (e)    Awarding pre-judgment and post-judgment interest;

    (f)    Awarding attorneys' fees and costs; and

    (g)    Awarding such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: 12/3/12

Michael M. Weinkowitz, Esquire
Daniel C. Levin, Esquire
Charles E. Schaffer, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Telephone:     215-592-1500
Fax:               215-592-4663

Christopher G. Hayes, Esquire
Law Offices of Christopher G. Hayes
225 South Church Street
West Chester, PA 19382
Telephone:     610-431-9505
Fax:              610-431-1269


Eric Holland, Esquire
Holland, Groves, Schneller & Stolze, LLC
300 North Tucker Blvd., Ste. 801
St. Louis, MO 63101
Telephone:     314-732-0757
Fax:              314-241-5554

*Attorneys for Plaintiff and the Proposed Class*

13